```
                        UNITED STATES DISTRICT COURT
                          DISTRICT OF CONNECTICUT

------------------------------x
                              :
ALBERT GOSS                   :    Civ. No. 3:20CV01507(SALM)
                              :
v.                            :
                              :
CITY OF NEW LONDON, NEW       :
LONDON POLICE DEPARTMENT,     :
POLICE OFFICER JOHN DOE #1,   :
POLICE OFFICER JOHN DOE #2,   :
POLICE OFFICER JOHN DOE #3,   :
in their individual and       :
official capacities           :    November 16, 2021
                              :
------------------------------x
```

## INTIAL REVIEW ORDER

Self-represented plaintiff Albert Goss ("plaintiff") is a sentenced inmate in the custody of the Connecticut Department of Correction ("DOC").[1] On October 5, 2020, plaintiff filed this action pursuant to 42 U.S.C. §1983 ("Section 1983"). See generally Doc. #1. He proceeds in forma pauperis. See Doc. #6. On October 19, 2020, plaintiff filed a motion to amend the Complaint, which was granted by Judge Charles S. Haight on October 21, 2020. See Docs. #7, #8. Accordingly, the Court

---

[1] The Court takes judicial notice of the State of Connecticut DOC Inmate Information site, which reports that plaintiff was sentenced on April 9, 2019, to a term of incarceration which has not yet been completed. See Connecticut State Department of Correction, Inmate Information, http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=374242 (last visited Nov. 15, 2021); see also Giraldo v. Kessler, 694 F.3d 161, 164 (2d Cir. 2012) (The court may "take judicial notice of relevant matters of public record.").

1

considers herein only the Amended Complaint, filed on October 21, 2020. [Doc. #9].[2]

Plaintiff asserts violations of his rights under the United States Constitution in connection with his arrest by officers of the New London Police Department on October 10, 2017. See generally id. Plaintiff also asserts a state law claim for battery.[3] See id. Plaintiff names as defendants the City of New London, New London Police Department, and John Doe Officers #1, #2, and #3. "All defendants are being sued in both their official and individual capacities." Id. at 3. As relief, plaintiff seeks: (a) "a declaration that the acts and omissions described herein violated plaintiff's rights[;]" (b) "a

---

[2] This matter was transferred to the undersigned on October 14, 2021. [Doc. #10].

[3] The Complaint actually asserts a claim pursuant to State of Connecticut criminal statutes. See Doc. #9 at 6-7 (citing Connecticut General Statutes §§53a-59, 53a-60, 53a-61, 53a-63). "[T]here exists a presumption in Connecticut that private enforcement does not exist unless expressly provided in a statute." Provencher v. Town of Enfield, 936 A.2d 625, 629 (Conn. 2007). The burden is on plaintiff to overcome that presumption and show that the statute relied upon creates an implied right of action. See id. The statutes relied on by plaintiff do not create a private right of action. See, e.g., Stockwell v. Santiago, No. 3:16CV01476(VLB), 2016 WL 7197362, at *5 (D. Conn. Dec. 8, 2016) ("[T]he language of Connecticut General Statutes §53a-60 does not create a private cause of action[.]"); Ward v. Housatonic Area Regional Trans. Dist., 154 F. Supp. 2d 339, 358-59 (D. Conn. 2001) (no private right of action under Connecticut criminal statute). Accordingly, the Court liberally construes the Amended Complaint as asserting a state law civil claim for battery.

2

permanent injunction ordering defendants to refrain from acts of physical violence towards plaintiff[;]" (c) compensatory damages; and (d) punitive damages. Doc. #9 at 8-9.

## I. Standard of Review

Pursuant to 28 U.S.C. §1915A, the Court must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §1915A(a). Upon review, the Court shall dismiss any portion of the operative complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. See generally 28 U.S.C. §1915A(b). Although detailed allegations are not required, the complaint must include sufficient facts to afford a defendant fair notice of the claims and demonstrate a right to relief. See Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Conclusory allegations are not sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Nevertheless, it is well-established that complaints filed by self-represented litigants "'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Sykes v. Bank of Am., 723 F.3d

399, 403 (2d Cir. 2013) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)).

## II. **Factual Allegations**

The Court accepts the following allegations of the Amended Complaint as true, solely for purposes of this initial review. See Iqbal, 556 U.S. at 678-79.

The Amended Complaint identifies the various defendants as "the first defendant," "the second defendant," and so forth, in listing them. Doc. #9 at 2-3. In the body of the Amended Complaint, allegations are made against defendants by numbers, for instance, "defendants #2, #3 and #4[.]" Id. at 5. There are three "John Doe" defendants named, so there is no John Doe #4; accordingly, it may be that plaintiff intends to refer to each defendant by the "first" or "second" description. However, that reading also poses difficulties, because the Amended Complaint repeatedly refers to actions taken by "Defendant #2" that suggests Defendant #2 is an individual officer, but "the second defendant" is identified as the New London Police Department. Id. at 2.

It is therefore impossible to determine which defendant plaintiff alleges committed which acts. Accordingly, the Court will summarize the allegations generally herein, referring simply to "an officer."

On October 10, 2017, officers with the New London Police Department arrived at the house of plaintiff's cousin. See Doc. #9 at 4. An officer discovered plaintiff standing in a closet. See id. "The plaintiff was then punched in the face by the defendant which caused the plaintiff to fall to the floor." Id. The officer then dragged plaintiff out of the closet and instructed plaintiff "to stand up and put his hands behind his head." Id. Plaintiff "did as he was told." Id.

One officer then instructed another officer to "taze" plaintiff. Doc. #9 at 4. "Plaintiff fell back into the wall[]" and shouted "Stop, I'm not resisting." Id. An officer told plaintiff to "shut the fuck up" and an officer "proceeded to mace the plaintiff who still was not resisting." Id. "Plaintiff was then dragged to the middle of the bedroom where he was placed in a chokehold." Id. Plaintiff "stated that he couldn't breathe." Id. at 5. Plaintiff lost consciousness, and awoke as officers "were kicking and punching him." Id. "The plaintiff was placed in handcuffs and then kicked several more times." Id. "As plaintiff was being walked out of the room," an officer stated: "We were hoping you fucked up so we could shoot you." Id. Plaintiff was then transported by ambulance to a hospital where he was "treated for multiple injuries, including deep lacerations to his face." Id.

### III. **Discussion**

Plaintiff asserts that defendants violated his Eighth Amendment rights. See generally Doc. #9 at 6-7. However, claims of excessive force in connection with a plaintiff's arrest are considered under the Fourth Amendment rather the Eighth Amendment. See Graham v. Connor, 490 U.S. 386, 395 (1989) ("[A]ll claims that law enforcement officers have used excessive force ... in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment[.]"). Accordingly, the Court construes plaintiff's excessive force claims as being brought pursuant to the Fourth Amendment, and **DISMISSES, with prejudice,** any claims asserted pursuant to the Eighth Amendment.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures[.]" U.S. Const., amend. IV. The Fourth Amendment's protection against unreasonable seizures prohibits the use of excessive force by police officers during the course of an arrest. See Hemphill v. Schott, 141 F.3d 412, 416-17 (2d Cir. 1998).

To state a cognizable Fourth Amendment excessive force claim, a plaintiff must show that the force used by the defendants was not "objectively reasonable." Graham, 490 U.S. at 397. "The 'reasonableness' of a particular use of force must be

6

judged from the perspective of a reasonable police officer on the scene, rather than with the 20/20 vision of hindsight." Id. at 396. Accordingly, "[t]he Fourth Amendment inquiry ... requires consideration of the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight." Hemphill, 141 F.3d at 417. An officer may violate the Fourth Amendment by using excessive force, or by failing to intervene to stop the excessive use of force by another officer, when in a position to observe the conduct and with time to intervene. See Sloley v. VanBramer, 945 F.3d 30, 46-47 (2d Cir. 2019).

    A.    John Doe Officers – Individual Capacity Claims

Plaintiff alleges that he complied with the defendant officers' orders and did not resist arrest but the John Doe Officers tasered him, sprayed him with mace, and punched and kicked him. See Doc. #9 at 4-5. Plaintiff alleges further that he required medical attention at a hospital as a result of this conduct. See id. at 5. At this stage of review, such allegations are sufficient to permit the Fourth Amendment excessive force claims to proceed against the John Doe Officers **in their individual capacities** for damages under Section 1983. Such allegations are also sufficient, at this stage, to permit a claim of civil battery to proceed against the John Doe Officers

7

**in their individual capacities**. See, e.g., Abrams v. Waters, No. 3:17CV01659(CSH), 2018 WL 691717, at *15 (D. Conn. Feb. 2, 2018) ("[T]he Connecticut Supreme Court has held that an actor is subject to liability to another for battery if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) a harmful contact with the person of the other directly or indirectly results." (citation and quotation marks omitted).[4]

    B.    John Doe Officers – Official Capacity Claims

A claim against a municipal officer in his or her official capacity is essentially a claim against the municipality for which he or she works. See Davis v. Stratton, 360 F. App'x 182, 183 (2d Cir. 2010) (summary order). For reasons discussed below, plaintiff has not alleged sufficient facts to state a claim for municipal liability, and therefore, his official capacity claims against the John Doe Officers also fail. See Garcia-Ortiz v. City of Waterbury, No. 3:19CV00426(VAB), 2020 WL 1660114, at *4 (D. Conn. Apr. 3, 2020) (dismissing claims against municipality and individual officers in their official capacities because conclusory allegations did not satisfy Monell). Accordingly, all

---

[4] The state law battery claims asserted in the Amended Complaint "form part of the same case or controversy" as the Fourth Amendment claims. 28 U.S.C. §1367(a). Accordingly, the Court may exercise supplemental jurisdiction over those claims.

8

claims against the John Doe Officers in their official capacities are **DISMISSED, without prejudice**.

### C. New London Police Department

The Amended Complaint names the New London Police Department as a defendant. However, "a municipal police department is not subject to suit under section 1983 because it is not an independent legal entity." Petaway v. City of New Haven Police Dep't, 541 F. Supp. 2d 504, 510 (D. Conn. 2008); see also Nicholson v. Lenczewski, 356 F. Supp. 2d 157, 164 (D. Conn. 2005) ("A municipal police department ... is not a municipality nor a 'person' within the meaning of section 1983."). Accordingly, all claims against the New London Police Department are **DISMISSED, with prejudice**.

### D. City of New London

The Amended Complaint names the City of New London as a defendant, under a theory of "respondeat superior." Doc. #9 at 6. Plaintiff further contends that the City of New London violated his rights "by failing to adequately supervise and ensure the proper training of the New London Police Department." Id. at 6.

"[A] municipality cannot be held liable under §1983 on a respondeat superior theory." Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691 (1978). Local governments "are not vicariously liable under §1983 for their employees'

9

actions." Outlaw v. City of Hartford, 884 F.3d 351, 372 (2d Cir. 2018) (citation and quotation marks omitted). "Plaintiffs who seek to impose liability on local governments under §1983 must prove, inter alia, that the individuals who violated their federal rights took action pursuant to official municipal policy." Id. (citations and quotation marks omitted). Plaintiff has not alleged any policy, or any facts even suggesting such a policy, sufficient to state a Monell claim against the City of New London. Accordingly, all claims against the City of New London are **DISMISSED, without prejudice**.

## IV. Conclusion

For the foregoing reasons, the court enters the following orders:

- All claims against the New London Police Department are **DISMISSED, with prejudice**. All Eighth Amendment claims are **DISMISSED, with prejudice**.

- All claims against the City of New London and against the John Doe Officers in their official capacities are **DISMISSED, without prejudice**.[5]

---

[5] Because all official capacity claims have been dismissed, all claims for injunctive and declaratory relief are likewise dismissed. Additionally, plaintiff's request for declaratory relief is unnecessary, because the Court would nevertheless have to determine any violations of his constitutional rights if he were to prevail on his claims. See Kuhns v. Ledger, 202 F. Supp. 3d 433, 443 (S.D.N.Y. 2016) ("Dismissal of a declaratory judgment action is warranted where the declaratory relief

- The case may proceed to service on plaintiff's Fourth Amendment excessive force claims and state law battery claims against City of New London Police Officers John Doe #1, John Doe #2, and John Doe #3, in their individual capacities.

Plaintiff has two options as to how to proceed after this Initial Review Order:

**(1) If plaintiff wishes to proceed under the Amended Complaint as against the John Doe Officers only, in their individual capacities, he may do so without further delay.** The Clerk cannot effect service on the John Doe Officers without those defendants' full names and current addresses. Accordingly, plaintiff must file a Notice on the docket identifying these defendants by name, and providing addresses at which each defendant may be served, **on or before January 18, 2022**. If plaintiff makes a diligent effort to identify the John Doe Officers but is unable to do so, he must file a Notice on the docket **on or before January 18, 2022,** describing in detail his

---

plaintiff seeks is duplicative of his other causes of action." (citation and alterations omitted)). Plaintiff's claim for prospective injunctive relief also fails "because he has alleged no facts in the complaint claiming any likelihood of future injury." Stack v. City of Hartford, 170 F. Supp. 2d 288, 294 (D. Conn. 2001); see also Deshawn E. by Charlotte E. v. Safir, 156 F.3d 340, 344 (2d Cir. 1998) ("A plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future.").

efforts to identify them. **Failure to comply with this Order will result in dismissal of this action.**

**(2)  If plaintiff wishes to attempt to state a viable claim against the City of New London and against the John Doe Officers in their official capacities, he may file a Second Amended Complaint on or before December 16, 2021.** Any such Second Amended Complaint must <u>not</u> assert any claims that have been dismissed <u>with prejudice</u> in this Order. A Second Amended Complaint, if filed, will completely replace the Amended Complaint, and the Court will not consider any allegations made in the original Complaint or the Amended Complaint in evaluating any Second Amended Complaint. The Court will review any Second Amended Complaint after filing to determine whether it may proceed to service of process on any defendants named therein.

**<u>CHANGES OF ADDRESS</u>**: If plaintiff changes his address at any time during the litigation of this case, he **MUST** file a Notice of Change of Address with the Court. **Failure to do so may result in the dismissal of the case.** Plaintiff must give notice of a new address even if he remains incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put a new address on a letter or filing without indicating that it is a new address. He should also notify the defendants or defense counsel of his new address.

Plaintiff shall utilize the Prisoner E-filing Program when filing documents with the Court. He is advised that the Program may be used only to file documents with the Court. Discovery requests and responses should **not** be filed on the docket, except when required in connection with a motion to compel or for protective order. See D. Conn. L. Civ. R. 5(f). Discovery requests and responses or objections must be served on defendants' counsel by regular mail.

A separate case management order will issue once counsel for defendants files an appearance in this matter.

It is so ordered this 16th day of November, 2021, at New Haven, Connecticut

_____/s/_____
Sarah A. L. Merriam
United States District Judge