## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
ALBERT GOSS                   :    Civ. No. 3:20CV01507(SALM)
                              :
v.                            :
                              :
CITY OF NEW LONDON,           :
CHRISTOPHER BUNKLEY, KEVIN    :
MCBRIDE, P.O. GRANATEK, TODD  :
BERGESON, P.O. BELVAL,        :
CORNELIUS RODGERS, and        :
BRENDAN BENWAY                :    February 8, 2022
                              :
------------------------------x
```

### INITIAL REVIEW ORDER

Self-represented plaintiff Albert Goss ("plaintiff") is a sentenced inmate in the custody of the Connecticut Department of Correction ("DOC").[1] On October 5, 2020, plaintiff filed this action pursuant to 42 U.S.C. §1983 ("Section 1983"); he filed an Amended Complaint on October 21, 2020. See generally Doc. #1, Doc. #9. He proceeds in forma pauperis. See Doc. #6. On November 16, 2022, the Court issued an Initial Review of the Amended Complaint, permitting certain claims to proceed and dismissing others. See Doc. #11. On January 4, 2022, plaintiff filed a

---

[1] The Court takes judicial notice of the State of Connecticut DOC Inmate Information site, which reports that plaintiff was sentenced on April 9, 2019, to a term of incarceration which has not yet been completed. See Connecticut State Department of Correction, Inmate Information, http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=374242 (last visited Feb. 7, 2022).

Second Amended Complaint (the "SAC"). The Court now reviews that SAC pursuant to 28 U.S.C. §1915A.

Plaintiff asserts that defendants used excessive force in violation of the Fourth Amendment to the United States Constitution in connection with his arrest on October 10, 2017. See generally Doc. #14. Plaintiff also asserts a state law claim for battery. See id. at 2. Plaintiff names as defendants the City of New London; five officers of the New London Police Department, each sued in their official and individual capacities; and two State of Connecticut probation officers, each sued in their individual capacities only. See id. at 2-3. This roster of defendants marks a distinct change from the prior complaints, which did not make any allegations of use of force against any probation officers.

As relief, plaintiff seeks damages and issuance of "an injunction ordering the NLPD to provide additional training on the use of excessive force and how to execute a search and seizure warrant[.]" Id. at 11.

## I.   **Standard of Review**

Pursuant to 28 U.S.C. §1915A, the Court must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §1915A(a). Upon review, the Court shall dismiss any portion of the operative complaint that is

frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. See generally 28 U.S.C. §1915A(b). Although detailed allegations are not required, the complaint must include sufficient facts to afford a defendant fair notice of the claims and demonstrate a right to relief. See Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Conclusory allegations are not sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Nevertheless, it is well-established that complaints filed by self-represented litigants "'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)).

## II. **Discussion**

To state a cognizable Fourth Amendment excessive force claim, a plaintiff must show that the force used by the defendants was not "objectively reasonable." Graham v. Connor, 490 U.S. 386, 397 (1989). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable police officer on the scene, rather than with the 20/20 vision of hindsight." Id. at 396. Accordingly, "[t]he Fourth Amendment

inquiry ... requires consideration of the severity of the crime
at issue, whether the suspect poses an immediate threat to the
safety of the officers or others, and whether the suspect is
actively resisting arrest or attempting to evade arrest by
flight." Hemphill v. Schott, 141 F.3d 412, 417 (2d Cir. 1998).

A.   Individual Defendants – Individual Capacity Claims

Plaintiff alleges that he did not resist arrest, but claims
that in spite of his compliance: McBride tasered him; Granatek
sprayed him with mace; Bergeson beat him; Benway put him in a
choke hold; Bergeson punched him in the face; "the police" beat
and kicked him after he fell unconscious; and "all seven
defendants ... participated in beating Goss even after he was on
the ground and even during his loss of consciousness[.]" Doc.
#14 at 7-8. At this stage of review, such allegations are
ordinarily sufficient to permit the Fourth Amendment excessive
force claims to proceed against the defendants **in their
individual capacities** for damages under Section 1983. Such
allegations are also sufficient, at this stage, to permit a
claim of civil battery to proceed against the defendants **in
their individual capacities**. See, e.g., Abrams v. Waters, No.
3:17CV01659(CSH), 2018 WL 691717, at *15 (D. Conn. Feb. 2, 2018)
("[T]he Connecticut Supreme Court has held that an actor is
subject to liability to another for battery if (a) he acts
intending to cause a harmful or offensive contact with the

4

person of the other or a third person, or an imminent
apprehension of such a contact, and (b) a harmful contact with
the person of the other directly or indirectly results."
(citation and quotation marks omitted)).[2]

However, as noted above, the allegations of the SAC mark a
distinct shift from the allegations of the original Complaint
and the Amended Complaint. Whereas plaintiff previously
contended that three police officers used force against him, he
now alleges that five police officers and two probation officers
used force against him. Compare Doc. #1, Doc. #9 with Doc. #14.
Many of the factual claims also vary in this version of the
complaint. For instance, the Amended Complaint asserts that
"Police Officer John Doe #3" used "mace on plaintiff while he
was being tased." Doc. #9 at 7. The SAC asserts that plaintiff
was "sprayed in the face with a chemical agent" by a probation
officer, only after he had "pulled one of the prongs [of the
Taser] free." Doc. #14 at 7. The Court further notes that the
SAC is written in a very different handwriting than plaintiff's
other submissions, suggesting that a third party wrote it on
plaintiff's behalf.

---

[2] The state law battery claims asserted in the SAC "form part of
the same case or controversy" as the Fourth Amendment claims. 28
U.S.C. §1367(a). Accordingly, the Court may exercise
supplemental jurisdiction over those claims.

All three versions of the complaint are signed under
penalties of perjury. See Doc. #1 at 9; Doc. #9 at 9; Doc. #14
at 12.

The Court questions the credibility of the allegations of
the SAC, given the conflicts between such allegations and
plaintiff's previous sworn statements. The Court will permit the
claims to proceed to service. However, upon the appearance of
counsel for the defendants, the Court will consider how to
address the conflicting allegations. Defendants will be
permitted to file a motion to dismiss or a motion for partial
summary judgment addressing which defendants, if any, should
remain in the case and be subject to full discovery.

B.    Individual Defendants – Official Capacity Claims

A claim against a municipal officer in his or her official
capacity is essentially a claim against the municipality for
which he or she works. See Davis v. Stratton, 360 F. App'x 182,
183 (2d Cir. 2010) (summary order). For the reasons discussed
below, plaintiff has not alleged sufficient facts to state a
claim for municipal liability, and therefore, his official
capacity claims against the individual New London police
officers also fail. See Garcia-Ortiz v. City of Waterbury, No.
3:19CV00426(VAB), 2020 WL 1660114, at *4 (D. Conn. Apr. 3, 2020)
(dismissing claims against individual officers in their official
capacities because conclusory allegations did not satisfy

Monell). Accordingly, all claims against the New London police officer defendants in their official capacities are **DISMISSED, with prejudice.**

C.   City of New London

The Amended Complaint named the City of New London as a defendant, under a theory of "respondeat superior[,]" and on the theory that the City failed "to adequately supervise and ensure the proper training of the New London Police Department." Doc. #9 at 6. The Court found such claims to be insufficient to state a claim for municipal liability. See Doc. #11 at 9-10.

"[A] municipality cannot be held liable under §1983 on a respondeat superior theory." Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691 (1978). Local governments "are not vicariously liable under §1983 for their employees' actions." Outlaw v. City of Hartford, 884 F.3d 351, 372 (2d Cir. 2018) (citation and quotation marks omitted). "Plaintiffs who seek to impose liability on local governments under §1983 must prove, inter alia, that the individuals who violated their federal rights took action pursuant to official municipal policy." Id. (citations and quotation marks omitted).

In the SAC, plaintiff makes only conclusory allegations that some or all of the officers involved have been the subject of previous excessive force complaints, and that the City has failed to discipline them sufficiently, permitting the Court to

infer the existence of a municipal policy. See Doc. #14 at 9-10. In support of this claim, plaintiff cites Quinn v. Gould, No. 3:19CV00820(VAB), 2020 WL 1234553, at *12 (D. Conn. Mar. 13, 2020). That case is distinguishable. There, the plaintiff, an employee of the defendant municipality, alleged a long pattern of discrimination, based on personal knowledge, and supported by specific incidents of misconduct. See id. at 12-14. Here, plaintiff has done nothing more than declare that "several of these officers" (not identifying which of them) have been "accused of unreasonable force in the past[,]" suggesting that evidence of such incidents "should be obtainable through discovery[.]" Doc. #14 at 9. He offers no personal knowledge, and no specific allegations of past incidents of which authorities in New London were aware.

Where a complaint "includes only conclusory statements about there being ... inadequate training and oversight[,]" it fails to meet the requirements of Monell. Chase v. Nodine's Smokehouse, Inc., 360 F. Supp. 3d 98, 110 (D. Conn. 2019); see also McCray v. Patrolman N.A. Caparco, 761 F. App'x 27, 32 (2d Cir. 2019) (affirming dismissal of Monell claims where allegations did not establish that "a municipal actor disregarded a known or obvious consequence of his action[]" (citation and quotation marks omitted); Lewis v. City of W. Haven, No. 3:11CV01451(VLB), 2012 WL 4445077, at *6 (D. Conn.

Sept. 25, 2012) (dismissing <u>Monell</u> claim where plaintiff did not allege facts showing that municipal officials "had 'actual or constructive notice' that their alleged failure to supervise was substantially certain to result in" the harm alleged). Plaintiff's conclusory assertions are insufficient to state a claim under <u>Monell</u> against the City of New London. Plaintiff has had ample opportunity to correct this defect, and has failed to do so. Accordingly, all claims against the City of New London are **DISMISSED, with prejudice.**

## III. <u>Conclusion</u>

For the foregoing reasons, the Court enters the following orders:

- All claims against the City of New London and against the individual New London police officer defendants in their official capacities are **DISMISSED, with prejudice.**[3]

- The case may proceed to service on plaintiff's Fourth Amendment excessive force claims and state law battery

---

[3] Because all official capacity claims have been dismissed, all claims for injunctive relief are likewise dismissed. Plaintiff's claim for prospective injunctive relief also fails "because he has alleged no facts in the complaint claiming any likelihood of future injury." <u>Stack v. City of Hartford</u>, 170 F. Supp. 2d 288, 294 (D. Conn. 2001); <u>see also</u> <u>Deshawn E. by Charlotte E. v. Safir</u>, 156 F.3d 340, 344 (2d Cir. 1998) ("A plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future.").

claims against the individual defendants, in their

individual capacities, for monetary damages.

The Clerk shall mail a waiver of service of process request packet, including a copy of the SAC and this Order to defendants Officer Christopher Bunkley, Sergeant Kevin McBride, Detective Todd Bergeson, Sergeant Cornelius Rodgers, and Officer Brendan Benway in their individual capacities at the New London Police Department, 5 Governor Winthrop Blvd., New London, CT, 06320.

The Clerk shall report to the Court on the status of the waiver requests on or before **March 31, 2022**. If any defendant has failed to waive service of process, the Clerk shall make arrangements for in-person service on that defendant by the U.S. Marshal Service, and that defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

Plaintiff has not identified any address at which the State probation officer defendants may be served. Plaintiff shall file a Notice on or before **March 1, 2022,** providing a mailing address for the place of employment of Officer Granatek and Officer Belval. Once plaintiff has filed that Notice, the Clerk shall initiate the process of service on those defendants. Plaintiff is cautioned that all defendants must be served within 90 days of this Order; failure to provide a mailing address for any

defendant may result in that defendant being dismissed from the case.

**CHANGES OF ADDRESS**: If plaintiff changes his address at any time during the litigation of this case, he **MUST** file a Notice of Change of Address with the Court. **Failure to do so may result in the dismissal of the case**. Plaintiff must give notice of a new address even if he remains incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put a new address on a letter or filing without indicating that it is a new address.

Plaintiff shall utilize the Prisoner E-filing Program when filing documents with the Court. He is advised that the Program may be used only to file documents with the Court. Discovery requests and responses should **not** be filed on the docket, except when required in connection with a motion to compel or for protective order. See D. Conn. L. Civ. R. 5(f). Discovery requests and responses or objections must be served on defendants' counsel by regular mail.

A separate case management order will issue once counsel for defendants files an appearance in this matter.

It is so ordered this 8th day of February, 2022, at New Haven, Connecticut.

/s/ _____
Sarah A. L. Merriam
United States District Judge

11