```
                       UNITED STATES DISTRICT COURT
                         DISTRICT OF CONNECTICUT

------------------------------X
                              :
ALBERT GOSS                   :     Civil No. 3:20CV01507(SALM)
                              :
v.                            :
                              :
CHRISTOPHER BUNKLEY, et al.   :     June 10, 2022
                              :
------------------------------X
```

**ORDER OF DISMISSAL**

Plaintiff has failed to comply with court orders and deadlines. He has failed to respond to any of the Court's orders. He has failed to respond to the pending motion to dismiss. Indeed, the Court has had no contact from plaintiff since **January 4, 2022**. The Court has provided plaintiff with notice that failure to respond, and to comply with court orders and deadlines, would result in dismissal of this action. He still has not responded. Accordingly, for the reasons set forth herein, this case is **DISMISSED**.

**I.   Procedural Background and History**

Self-represented plaintiff Albert Goss ("plaintiff") filed this action on October 5, 2020. See Doc. #1. Plaintiff filed an Amended Complaint on October 21, 2020, bringing claims against the City of New London, the New London Police Department, and three John Doe defendants. See Doc. #9.

This matter was transferred to the undersigned on October

14, 2021. See Doc. #10. On November 16, 2021, the Court issued an Initial Review Order ("IRO") addressing the claims in plaintiff's Amended Complaint. See Doc. #11. The Court permitted some, though not all, of plaintiff's claims to proceed to service of process, and ordered plaintiff to either: (1) file a Second Amended Complaint addressing the dismissed claims, on or before December 16, 2021; or (2) file a Notice on the docket on or before January 18, 2022, identifying the John Doe defendants or describing his efforts to identify those defendants. See id. at 11-12.

On December 16, 2021, plaintiff filed a "Motion for an Enlargement of Time to File an Amended Complaint." Doc. #12 at 1. The Court granted the motion and ordered plaintiff to file a Second Amended Complaint on or before January 5, 2022. See Doc. #13.

Plaintiff filed his Second Amended Complaint on January 4, 2022. See Doc. #14. Plaintiff's Second Amended Complaint names as defendants: the City of New London; New London Police Department officers Bunkley, McBride, Bergeson, Rodgers, and Benway; and State probation officers Granatek and Belval. See id. at 1, 3-4.

On February 8, 2022, the Court issued an IRO addressing the Second Amended Complaint. See Doc. #15. The Court dismissed all claims against the City of New London and all claims against the

2

individual defendants in their official capacities. See id. at 9. However, the Court permitted the case to "proceed to service on plaintiff's Fourth Amendment excessive force claims and state law battery claims against the individual defendants, in their individual capacities, for monetary damages." Id. at 9-10.

The Court's IRO of plaintiff's Second Amended Complaint noted that "Plaintiff has not identified any address at which the State probation officer defendants may be served." Id. at 10. Accordingly, the Court ordered plaintiff to "file a notice on or before **March 1, 2022**, providing a mailing address for the place of employment of Officer Granatek and Officer Belval." Id. Plaintiff was warned: "[A]ll defendants must be served within 90 days of this Order; failure to provide a mailing address for any defendant may result in that defendant being dismissed from the case." Id. at 10-11. A copy of the IRO was sent to plaintiff at his address of record on February 8, 2022.

Counsel filed appearances on behalf of the New London Police Officer defendants on February 28, 2022. See Doc. #17, Doc. #18. That same day, the Court issued a Scheduling and Case Management Order. See Doc. #19. A copy of the Scheduling and Case Management Order was sent to plaintiff at his address of record on February 28, 2022.

Plaintiff did not file a Notice providing a mailing address for Officer Granatek or Officer Belval on or before March 1,

3

2022, as had been ordered. Consequently, on March 11, 2022, the Court issued an order addressing plaintiff's failure to respond. See Doc. #20. The Order stated, in part:

> Plaintiff has not provided the Court with employment addresses for Officer Granatek and Officer Belval. **If plaintiff does not provide these addresses to the Court, the Court will not be able to proceed with service of process on these defendants. If the defendants are not served by May 9, 2022, the Court will dismiss the claims against these defendants.**
>
> Accordingly, plaintiff shall file the required Notice **immediately**.

Id. To date, plaintiff has not filed a Notice providing employment addresses for Officers Granatek and Belval or otherwise responded to that Order.

On March 25, 2022, the Court entered an order directing plaintiff to file "the executed Waiver signed by each of [the New London Police Department] defendants on the docket on or before **April 15, 2022**." Doc. #23. Plaintiff did not file any executed Waivers on the docket or otherwise respond to that Order.

On April 25, 2022, the Court issued the following order regarding plaintiff's address of record:

> ORDER. Plaintiff's current address of record reflects that he is incarcerated at MacDougall-Walker Correctional Institution. The Court may take judicial notice of matters of public record. See, e.g., Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006); United States v. Rivera, 466 F. Supp. 3d 310, 313 (D. Conn. 2020) (taking judicial notice of BOP inmate location information); Ligon v. Doherty, 208 F. Supp. 2d

4

> 384, 386 (E.D.N.Y. 2002) (taking judicial notice of state prison website inmate location information). The Court takes judicial notice of the Connecticut DOC website, which reflects that plaintiff is currently incarcerated at Corrigan-Radgowski Correctional Center. See Connecticut State Department of Correction, Inmate Information, http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=374242 (last visited Apr. 25, 2022).
>
> Accordingly, the Clerk of the Court is hereby directed to update plaintiff's address of record as follows: Albert Goss, #374242, Corrigan-Radgowski Correctional Center, 986 Norwich-New London Turnpike, Uncasville, CT, 06382.
>
> The Court has made this change of address sua sponte, without notification by plaintiff, but will not extend this courtesy in the future. It is plaintiff's obligation to ensure that his information is up to date. Plaintiff is reminded that if he "changes his address at any time during the litigation of this case, he **MUST** file a Notice of Change of Address with the Court." Doc. #15 at 11. "Plaintiff must give notice of a new address even if he remains incarcerated." Id. Plaintiff is warned that failure to provide a Notice of Change of Address in the future "may result in the dismissal of this case." Id.

Doc. #24. A copy of that Order was sent to plaintiff at his current address of record on April 26, 2022.

On April 26, 2022, the Court issued an order indicating that plaintiff still had "not yet filed any executed Waiver on the docket." Doc. #25. Consequently, the Court directed plaintiff to file the executed waivers "[o]n or before **May 17, 2022**[.]" Id.

Pursuant to the Scheduling and Case Management Order (Doc. #19), each party was required to file a Statement of Compliance

5

with the Initial Disclosure requirements "on or before **April 29, 2022**[,]" id. at 3, and each party was required to file a Status Report on or before May 2, 2022. See id. at 6.

Plaintiff failed to file either a Status Report or a Statement of Compliance. Consequently, on May 3, 2022, the Court ordered plaintiff "to file a Statement of Compliance as directed by the Scheduling and Case Management Order **immediately**." Doc. #31. Plaintiff never filed a Statement of Compliance. Furthermore, defendants reported that they did not receive the Initial Disclosures that plaintiff was required to provide, pursuant to the Scheduling and Case Management Order, on or before April 15, 2022. See Doc. #33 at 1.

The New London Police Officer Defendants filed a motion to dismiss plaintiff's complaint on April 29, 2022. See Doc. #26. Plaintiff's response to that motion was due to be filed on or before May 20, 2022. See id. The motion to dismiss was accompanied by a "Notice to Pro Se Litigant Opposing Motion to Dismiss as Required by Local Rule 12(a)." Doc. #27 at 1; see also Doc. #32. That Notice warned plaintiff of the consequences of failing to respond to the pending motion to dismiss filed by the New London Police Officer defendants. It was sent to plaintiff at his address of record at Corrigan-Radgwoski Correctional Center on April 29, 2022. See Doc. #27 at 3.

On May 16, 2022, the Court issued two orders in this

6

matter. One was a simple reminder to plaintiff of the deadline for the filing of a response to the motion to dismiss, and the consequences of failure to file such a response: "The New London Police Department defendants have filed a motion to dismiss all claims against them. See Doc. #26. Plaintiff must file any response to that motion on or before **May 20, 2022**. If plaintiff fails to respond to the motion, the motion may be granted, absent objection, and all claims against those defendants dismissed." Doc. #35 (emphasis in original).

The second order issued on May 16, 2022, was a lengthy written order, detailing plaintiff's history of failures to respond to court orders and deadlines, and ordering plaintiff to comply with all existing orders of the Court "**immediately,** and in any event, no later than **June 1, 2022**." Doc. #34 at 6. The Court also ordered plaintiff to file "an explanation of his failure to respond to the Court's prior Orders." Id. at 7. The Court warned plaintiff: "**Failure to comply with this Order will result in the dismissal of this case in its entirety**." Id.

## II. Discussion

The Court has issued twelve orders in this case since January 4, 2022. All orders were provided to plaintiff. Plaintiff has not responded in any way to any of those orders. The Court has confirmed that he is still housed at the facility to which court orders are being sent. It thus appears that

7

plaintiff has elected to abandon this litigation, and this action is subject to dismissal pursuant to Rule 41 of both the Federal and Local Rules of Civil Procedure. The relevant Local Rule provides that where "deadlines established by the Court pursuant to Rule 16 appear not to have been met," the Court shall give notice that dismissal may be ordered, and if "no satisfactory explanation is submitted to the Court within" 21 days of that Order, the Court shall dismiss the action. D. Conn. L. Civ. R. 41(a). The relevant Federal Rule provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order," the plaintiff's case may be dismissed. Fed. R. Civ. P. 41(b).

> [A] district court contemplating dismissing a plaintiff's case, under Rule 41(b), for failure to prosecute must consider: (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citation and quotation marks omitted). The Court has considered all of these factors, and finds that dismissal is appropriate.

(1) Plaintiff has not filed anything regarding this action

8

since he filed the operative complaint **more than five months** ago.

(2) Plaintiff has been expressly advised: "**Plaintiff is warned that if he does not respond to the Court's Orders and meet the Court's deadlines, his case will be dismissed.**" Doc. #34 at 6. He has been warned that his "case may be **DISMISSED** for failure to prosecute and for failure to comply with Court Orders and deadlines." Doc. #34 (docket text). More than 21 days have elapsed since those warnings were issued, and no response has been received.

(3) Defendants are prejudiced by the inability to obtain resolution of this matter, due to plaintiff's non-responsiveness. No response has been filed to the New London Police Officer defendants' motion to dismiss, and service has not been effected on the Probation Officer defendants, who thus may not even have notice of this action against them.

(4) The Court has carefully considered and weighed plaintiff's right to be heard. He elects not to exercise that right by declining to participate in this action.

(5) Lesser sanctions would be meaningless, where the sanctioned conduct is complete failure by plaintiff to respond. Furthermore, plaintiff is indigent, see Doc. #3, such that financial sanctions would be ineffective.

Accordingly, the Court finds that plaintiff has failed to

prosecute this case and has failed to comply with court orders. After careful consideration of the relevant factors, the Court finds dismissal is appropriate. The Court understands the difficulties that a self-represented plaintiff faces in litigating a case without counsel, particularly when the plaintiff is incarcerated. However, when a plaintiff simply declines to pursue his own case, and refuses to respond to court orders, the Court must take action.

### III. Conclusion

This matter is hereby **DISMISSED, pursuant to Fed. R. Civ. P. 41(b), and D. Conn. L. Civ. R. 41(a),** for failure to comply with court orders and deadlines and failure to prosecute. The Clerk shall close this case.

If plaintiff wishes to pursue this action, he may file a motion to reopen, setting forth good cause for his failures to prosecute and to comply with court orders, and a basis for reopening the case.

It is so ordered this 10th day of June, 2022, at Bridgeport, Connecticut.

                                                                               /s/
                                         HON. SARAH A. L. MERRIAM
                                         UNITED STATES DISTRICT JUDGE